**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 2 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-842 |
| Plaintiff - Appellee, | D.C. No. 3:16-cr-01694-JLS-1 |
| v. | |
| ROBERTO ANTONIO SANDOVAL, AKA Robert Antonio Sandoval, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted December 17, 2025**

Before:    PAEZ, CHRISTEN, and KOH, Circuit Judges.

Roberto Antonio Sandoval appeals from the district court's order extending

his supervision term and adding a special condition of supervised release upon his

admission to violating supervised release. We have jurisdiction under 28 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Sandoval contends that the district court denied him due process by declining to accept a new document into the record after imposing the sentence. This claim is unavailing. The record reflects that, at the revocation hearing, the court gave Sandoval a full opportunity to present evidence and any mitigating information. *See* Fed. R. Crim P. 32.1(b)(2); *see also Morrissey v. Brewer,* 408 U.S. 471, 488-89 (1972). Subsequently, the court correctly concluded that the document at issue – which Sandoval sought to submit two weeks after the conclusion of proceedings on the bare assertion that it was mitigating – was not part of the district court record and could not be considered on appeal. *See* Fed. R. App. P. 10(a). Moreover, any error by the court in rejecting the document was harmless given Sandoval's admission to violating the terms of his supervision and the court's decision to accept the parties' joint recommendation to maintain Sandoval on supervised release rather than impose a custodial sentence. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008) (alleged due process violation at a revocation hearing is subject to harmless error analysis).

We do not consider Sandoval's remaining arguments because they were not "specifically and distinctly raised and argued" in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**